SLIP OPINION



Cite as 2014 Ark. App. 620

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-487

| | |
|---|---|
| HENRY MICHAEL SHAVER<br>APPELLANT<br><br>V.<br><br>ASHLEY COUNTY DETENTION<br>CENTER, AAC RISK MANAGEMENT<br>SERVICES, and DEATH & PERMANENT<br>TOTAL DISABILITY TRUST FUND<br>APPELLEES | **Opinion Delivered** November 5, 2014<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[No. G107649]<br><br><br><br>REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Appellant Henry Michael Shaver appeals the opinion of the Arkansas Workers' Compensation Commission finding that res judicata barred his claim for additional temporary total disability (TTD) benefits. It further found that if res judicata did not bar his claim, he failed to meet his burden of proving that he is entitled to additional TTD benefits. On appeal, Shaver argues that res judicata does not bar his claim and that substantial evidence fails to support the Commission's opinion that he was not entitled to additional TTD benefits. Because Shaver's abstract and addendum are deficient, we order rebriefing.

Due to the deficiencies in Shaver's abstract and addendum, it is difficult to ascertain the facts of this case. The facts discussed herein have been gathered from the Commission's opinion.

On August 16, 2011, Shaver, a jailer for appellee, Ashley County Detention Center, suffered a back injury. Appellee accepted compensability of the back-injury claim and provided medical treatment and TTD benefits. A hearing was held on November 29, 2012, to determine whether Shaver sustained a neck injury related to the incident and, in connection to his back injury, whether he was entitled to additional medical treatment as recommended by Dr. Amir Qureshi and to additional TTD benefits. In an opinion filed on February 27, 2013, the administrative law judge (ALJ) found, among other things, that Shaver was entitled to additional medical treatment for his back; that he reached maximum medical improvement for his back in July 2012; and that he failed to prove that he was entitled to additional TTD from July 30, 2012, to a date yet to be determined. This opinion was not appealed.

Thereafter, Shaver received additional medical treatment for his back from Dr. Qureshi. At some point, he filed another claim for additional TTD benefits from March 6, 2013, to a date yet to be determined. A hearing was held October 9, 2013, during which Shaver testified that Dr. Qureshi's treatment had not improved his back condition. Shaver added that he could not work.

The ALJ entered a second opinion dated December 23, 2013, finding that there had been a material change in Shaver's condition since the last opinion had been filed and that, therefore, (1) his claim for additional TTD benefits was not barred by res judicata; (2) he entered into a new healing period as of March 6, 2013; (3) he proved that he was entitled to additional TTD from March 6, 2013, to a date yet to be determined; and (4) he proved that he was entitled to additional medical treatment by Dr. Qureshi, to include a functional capacity

evaluation. Appellee appealed, and the Commission reversed, finding that Shaver failed to prove that there had been a material change in his condition since the last opinion was filed in this case. Therefore, the Commission found that res judicata barred Shaver's claim for additional TTD benefits. Further, the Commission found that if res judicata did not apply, Shaver failed to meet his burden of proving that he was entitled to additional TTD benefits. This appeal followed.

We cannot reach the merits of Shaver's appeal because his brief is deficient. Throughout the Commission's opinion, there are references to the February 27, 2013 opinion of the ALJ, the December 23, 2013 opinion of the ALJ, medical records, and Dr. Qureshi's deposition. However, none of these documents are in the addendum. These documents are essential for the appellate court to understand the case and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8) (2014). Moreover, Dr. Qureshi's deposition and the testimony from the first hearing are not abstracted. The appellant shall create an abstract of the material parts of all transcripts in the record. Ark. Sup. Ct. R. 4-2(a)(5). Information in a transcript is material if the information is essential for the appellate court to understand the case and to decide the issues on appeal. *Id.* These documents and this testimony are critical in addressing both Shaver's claim for additional TTD and his argument that his claim for additional TTD is not barred by res judicata.

Because Shaver's abstract and addendum fail to provide the information that is essential for our understanding of the case and to decide the issues on appeal, they are deficient. Therefore, we order Shaver to file a substituted brief that complies with our rules. Ark. Sup. Ct.

R. 4-2(b)(3) (allowing parties who file a deficient brief an opportunity to file a conforming brief). The substituted brief, abstract, and addendum shall be due fifteen days from the date of this order. After service of the substituted abstract, brief, and addendum, the appellees shall have an opportunity to revise or supplement their brief in the time prescribed by the court. We direct Shaver to review the rules to assure that the substituted brief is in compliance and that there are no other deficiencies present that are not noted above.

Rebriefing ordered.

GLOVER and WOOD, JJ., agree.

*Thomas Law Firm*, by: *F. Mattison Thomas, III*, for appellant.

*Michael E. Ryburn*, for appellees.